UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| GRAHAM & GRAHAM PROPERTIES TRUST | ) Case No. C-1-00-922 ) ) Judge Dlott |
| Plaintiff, | ) ) Magistrate Hogan |
| v. | ) ) **NOTICE OF SUPPLEMENTAL** |
| OXY USA INC. | ) **AUTHORITY IN SUPPORT OF** ) **DEFENDANT OXY USA INC.'S** |
| Defendant/Third-Party Plaintiff, | ) **MOTION TO EXCLUDE PLAINTIFF'S** ) **EXPERT OPINION EVIDENCE** |
| v. | ) ) |
| ASTRO MET, INC., | ) ) |
| Third-Party Defendant. | ) ) |

Defendant, OXY USA, Inc. ("OXY") hereby submits this Notice of Supplemental Authority which supports OXY's Motion to Exclude Plaintiff's Expert Opinion Evidence. On August 7, 2003, in Norfolk Southern Corporation, et al. v. Chevron USA, Inc., Case No. 3:00-CV-366-J-32MMH,[1] the United States District Court for the Middle District of Florida granted a motion in limine to exclude the opinion testimony of plaintiff's expert witnesses concerning the source of contamination on plaintiff's property in a CERCLA and common law contribution action not unlike this case. The Norfolk Southern court exercised its gatekeeping role under Daubert v. Merrill Dow Pharmaceuticals[2] by refusing to admit the plaintiff's experts' opinions concerning the source of the contamination, finding that "[d]ue to the passage of time and lack of evidence, [the] experts were forced to fill in too many blanks with speculation and conjecture for

---

[1] A copy of this opinion, which has been reported in the Chemical Waste Litigation Reporter at Vol. 46, p. 815, has been attached.

[2] 509 U.S. 579, 125 L.Ed. 2d 469, 113 S. Ct. 2786 (1993).

their opinions to be scientifically reliable" and that the experts did not "conduct any of their own testing or subject their theories to the rigors of scientific analysis." Id. at 832. Because the Norfolk Southern court found that the expert opinions were "necessary to establish a causal link between [the defendant's] activities and the contamination," the court went on to grant summary judgment in favor of that defendant. Id. at 832.

The Norfolk Southern case is particularly relevant to OXY's motion to exclude in that, as in this case, the plaintiff in Norfolk Southern sought to rely upon expert opinions based upon inadequate data, speculation and conjecture in an effort to establish that the owner of a neighboring parcel had caused contamination on plaintiff's property. In Norfolk Southern, the plaintiff sought to establish that Shell Oil Company contaminated the property at issue by relying on the experts' speculation and conjecture that a pipeline owned by Shell which traversed the site had caused the contamination. Among other things, those experts opined (based in part on aerial photographs) that: (1) "it was probable that rusting or breaks in the pipeline occurred at some time in the past" which would have released contaminants onto the site;[3] and (2) the pipeline would likely have been cleaned in such a way that the resulting waste would have contaminated the site.[4] The Norfolk Southern court, however, refused to admit the speculation and conjecture of those experts. First, the court pointed out that the experts "could not see the condition of the pipeline, any corrosion of the pipeline or any evidence of a release from the pipeline in the photographs" and thus were simply speculating as to whether and when it may have corroded. Id. at 826. Further, in refusing to admit speculation about the manner in which the pipeline was cleaned, the Norfolk Southern court noted that the expert did not investigate or "discuss Shell's cleaning practices in the 1940's, nor did [the expert] discuss whether an alternative cleaning

---

[3] Id. at 825.
[4] Id. at 826.

method could have been employed". Id. at 827. As a result, the Norfolk Southern court concluded that "[i]t is hard to conceive that [the expert] applied any `scientific, technical, or specialized expertise' in reaching his conclusion that the pipeline would have been cleaned" as the expert speculated. Id.

The expert opinions which the Norfolk Southern court refused to admit are closely analogous to the speculation and conjecture offered by plaintiff's experts in this case. Here plaintiff's experts conclude based on contradictory or wholly inadequate data that OXY was the source of the fill, despite never having investigated OXY's waste disposal practices during the relevant time period. Like the court in Norfolk Southern, this court should decline to permit such speculation and conjecture to be admitted as expert opinion.

        Respectfully submitted,

        s/Michael J. O'Callaghan_____
        Louis E. Tosi [Trial Attorney]  (0019756)
        Michael J. O'Callaghan  (0043874)
        Shumaker, Loop & Kendrick, LLP
        2210 Huntington Center
        41 South High Street
        Columbus, Ohio 43215
        Telephone:    614-463-9441
        Fax:    614-463-1108

        Attorneys for OXY USA Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of a Notice of Supplemental Authority in Support of Defendant OXY USA Inc.'s Motion To Exclude Plaintiff's Expert Opinion Evidence by regular U.S. Mail, this 9th day of October, 2003, on:

David J. Schmitt, Esq.
Cors & Bassett
537 East Pete Rose Way
Suite 400
Cincinnati, OH 45202

Counsel for Plaintiff and Third-Party Defendant.

s/Michael J. O'Callaghan_____
An Attorney for Defendant OXY USA Inc.

49094\Notice of Supp Authority031002.doc