UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GRAHAM & GRAHAM PROPERTIES TRUST, | : | Case No. C-1-00-922 |
| | : | |
| | : | (Judge Dlott ) |
| Plaintiff, | : | (Magistrate Judge Hogan) |
| | : | |
| vs. | : | |
| | : | **MEMORANDUM OF PLAINTIFF** |
| OXY USA INC., | : | **GRAHAM & GRAHAM** |
| | : | **PROPERTIES TRUST IN** |
| Defendant. | : | **RESPONSE TO SUPPLEMENTAL** |
| | : | **AUTHORITY IN SUPPORT OF** |
| | : | **DEFENDANT OXY USA INC.'S** |
| | : | **MOTION TO EXCLUDE** |
| | : | **PLAINTIFF'S EXPERT OPINION** |
| | : | **EVIDENCE** |

Defendant OXY USA Inc. ("OXY") has submitted the case of *Norfolk Southern Corporation, et al. v. Chevron USA, Inc.*, Case No. 3:00-CV-366-J-32NMH, an unreported case from the United States District Court for the Middle District of Florida, in its vain attempt to exclude the opinion testimony of Plaintiff's expert witnesses concerning the source of contamination on Plaintiff's property in this matter. OXY claims that a great deal of similarity exists between the work performed by the environmental experts in the *Norfolk Southern* case and the case at bar. While both the *Norfolk Southern* case and the case at bar are environmental actions and while experts were retained and presented by the plaintiffs in both, the similarities of those actions cease there. Simply, the *Norfolk Southern* case is completely distinguishable from the case at bar.

Assuming, *arguendo*, that the authority presented in the *Norfolk Southern* case is even persuasive to this Court, there is no reasonable corollary that can be drawn between the work performed by the experts in the *Norfolk Southern* case and that performed by the experts in the

case at bar.  In *Norfolk Southern*, the environmental experts advocating the plaintiff's theories performed no on-site testing, no on-site excavation, and no sampling of the environmental strata surrounding the defendant's pipelines that were claimed to have ruptured and caused the environmental contamination.  In essence, the experts in the *Norfolk Southern* case performed no scientific analysis or research other than photographic and historical review.  *Norfolk Southern Corp. v. Chevron U.S.A., Inc.* 46 Chemical Waste Lit. Reporter, 831-832 (M.D. Fla. 08/07/03).  The critical difference between *Norfolk Southern* and the instant case is that Plaintiff's experts have gone far beyond simple photographic and historical review.  Plaintiff's experts have performed extensive excavation, sampling, and testing which have led them to their conclusions.  Moreover, Plaintiff's experts have gathered historical and factual evidence that has been compared with artifacts discovered on Plaintiff's property.  Finally, Plaintiff's experts obtained statements from individuals having actual knowledge of the operations of Defendant's facility on Glendale-Milford Road that led them to their ultimate conclusions in this case.[1]  Plaintiff's experts in *Norfolk Southern* performed none of these essential tasks to assist them in coming to their expert conclusions in that matter.

OXY claims that the expert opinions that the *Norfolk Southern* court refused to admit are analogous to the opinions offered by Graham's experts in this case.  The only true similarity between those two expert opinions is that the party defendant was considered responsible in each.  As before, OXY half-heartedly attempts to discredit Graham's experts' opinions in this case without providing the Court with sound reasoning or logic for such a position.  Given that the efforts of Plaintiff's experts in this matter have gone far beyond that of the experts in *Norfolk Southern*, Defendant OXY's supplemental authority should be disregarded and Plaintiff's experts

---

[1] See depositions of Michael Weinstein and Keith Egan, pages 54-68, 163-174 and 17-20, 122-135, 162-166, respectively.

should be permitted to testify based upon the arguments of counsel previously submitted to this Court in the briefs regarding that issue.

Respectfully submitted,

/s/ Brian R. Redden
David J. Schmitt (0055550)
Brian R. Redden (0070610)
CORS & BASSETT, LLC
537 East Pete Rose Way, Suite 400
Cincinnati, Ohio  45202
Telephone:    (513) 852-8200
Facsimile:    (513) 852-8222
Attorneys for Plaintiff
Graham & Graham Properties Trust
and for Third-Party Defendant
AstroMet, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served upon Michael J. O'Callaghan, Esq., SHUMAKER, LOOP & KENDRICK, 2210 Huntington Center, 41 South High Street, Columbus, Ohio 43215, via electronic mail through the ECF/ECM system of the United States District Court for the Southern District of Ohio, Western Division at mocallag@slk-law.com, this 7th day of November, 2003.

/s/ Brian R. Redden
Brian R. Redden

231327.1